IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JERRY HAL SALITERMAN,<br><br>Defendant. | Case No. 0:24-cr-00072-PJS-LIB<br><br>**UNITED STATES' RESPONSE TO MOTION FOR CONTINUANCE OF ARRAIGNMENT ORDER DATES AND TRIAL DEADLINE** |

The United States of America, by Mac Schneider, United States Attorney for the District of North Dakota, and Matthew D. Greenley, Assistant United States Attorney, respectfully submits this response to the Defendant's request for a continuance of the trial date and related deadlines. The United States does not generally object to a continuance of the trial date. However, while the undersigned understands the Defendant's need for time to adequately review the discovery and prepare for trial, the United States requests that the Court grant the Defendant's motion but set trial the trial before the end of 2024. In addition, as stated in its email to chambers on April 4, 2024, counsel for the United States has previously scheduled travel during the last half of July and would respectfully request a trial date later than August 2, 2024.

The Speedy Trial Act requires that trial begin within 70 days after a defendant is charged or makes an initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The "Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." Zedner v. United States, 547 U.S. 489, 497 (2006). Section 3161(h) lists periods of delay that are excluded in computing time within trial must start "to provide the necessary flexibility" in criminal cases. Id.

The Defendant moves for a continuance of the Speedy Trial Act deadline under 18 U.S.C. § 3161(h)(7), which provides that the Court may grant a continuance on the basis that the ends of justice served by the continuance outweighs the best interest of the public and the Defendant in a speedy trial. Among factors a court may consider to grant a continuance include "whether the case is so unusual or so complex . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established" and if the trial is not novel or complex, whether failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(ii); (iv).

"Even when a case is undisputedly complex, complexity per se is not an excuse for an indefinite delay or a means of circumventing the requirements of the Speedy Trial Act." United States v. Pikus, 39 F.4th 39, 54 (2d 2022). "The length of an exclusion for complexity must be not only limited in time, but also reasonably related to the actual needs of the case." Id. A delay approaching a year may meet the threshold for presumptively prejudicial delay requiring application of the Barker factors. United States v. Shepard, 462 F.3d 847, 864 (8th Cir. 2006) (referring to the four-factor balancing test to evaluate a Sixth Amendment claim for pretrial delay under Barker v. Wingo, 407 U.S. 514, 530 (1972)). The Eighth Circuit has not addressed whether ends-of-justice continuances granted under § 3161(h)(7) may be open ended. United States v. Grady, 88 F.4th 1246, 1256 (8th 2023).

The Defendant has requested an indeterminate continuance based on the need to digest and analyze the discovery in the case, noting that the offense conduct spans nearly twenty years.  Nonetheless, this case involves only one defendant and two charges.  Although the discovery does measure 35,000 pages, the alleged offense is factually simple: the Defendant obtained and concealed the ruby slippers for many years before he sought a means to sell the ruby slippers.  A substantial amount of the discovery concerns the efforts taken to identify the individuals involved in the violation, and much of the evidence does not directly concern the Defendant.  Moreover, the United States presented its case to defense counsel in October 2023 as part of a "reverse proffer," which highlighted its strongest evidence at the time.  A copy of that presentation was disclosed to counsel.  Lastly, the strongest and clearest evidence in the case was developed in the past 90 days, and that later-acquired evidence should be relatively easy to evaluate.

Whether this case is "so unusual or so complex as to fall within clause (ii)" of 18 U.S.C. § 3161(h)(7)(B)(ii)  or whether denying the motion would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence" under 18 U.S.C. § 3161(h)(7)(B)(iv),  the record does not readily establish the need for a continuance longer than eight months.  See e.g., United States v. Izazaga-Pascacio, 2016 WL 287062, at *2 Case No. 14-289, (D. Minn. January 22, 2016) (granting a four-month continuance in a twelve-person drug conspiracy that spanned multiple states).  The United States respectfully requests the trial date be set within the calendar year and then re-evaluated, if necessary.  See Grady, 88 F.4th at 1256

3

(affirming district court determination that the case was complex and finding that continuances were effectively limited in time because they were regularly re-evaluated).

Dated: April 12, 2024

                                        MAC SCHNEIDER
                                        United States Attorney

By:   /s/ *Matthew D. Greenley*
       MATTHEW D. GREENLEY
       Assistant United States Attorney
       Acting Under Authority Conferred by 28 U.S.C. § 515
       MN Bar ID 034252X
       655 First Avenue North, Suite 250
       Fargo, ND 58102-4932
       (701) 297-7400
       matthew.greenley@usdoj.gov
       Attorney for United States