UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Docket No. 24-72

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | DEFENDANT JERRY HAL |
| | ) | SALITERMAN'S MOTION TO |
| vs, | ) | CONTINUE DATES SPECIFIED |
| | ) | IN THE AMENDED ARRAIGN- |
| Jerry Hal Saliterman, | ) | MENT NOTICE AND SCHEDUL- |
| | ) | ING ORDER (Docket 26) |
| Defendant. | ) | |

\*                              \*                              \*

Because of the nature and expected length of this case counsel has applied via a separate filing in the District Court and Court of Appeals for certification of his representation in this matter as "extended" and "complex" within the meaning of Title 18, United States Code, Section 18 U.S.C. § 3161(h)(7)(B)(ii).  Those courts have granted interim billing.  Defendant now moves this Court for a continuance of the dates set in the Amended Arraignment Notice and Scheduling Order (Docket 26).

The Court should find that this case is complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii), grant this motion for extension of the deadlines in the Amended Arraignment Notice and Scheduling Order (Docket 26), and exclude any consequent delay resulting from the granting of this motion from the computation of the speedy trial time because "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" pursuant to 18 U.S.C. § 3161(h)(7)(A), for the following reasons that counsel has discussed with Defendant and with which Defendant agrees and adopts as his own statement of

1

reasons.

The Grand Jury charged Defendant on 13 March 2024 with Count One, Theft of Major Art Work, Title18, United States Code, Section 668; and, Count Two, Witness Tampering, Title 18, United States Code, Section 1512(b)(3), committed over a thirteen-year period from 2005 to 2018 (Count 1) and 2023 to 2024 (Count 2).  Indictment at 1-2 (Docket 1).  Besides covering a period of fourteen years, the Indictment alleges the subject matter of Count 1 to be the iconic pair of "ruby slippers" worn by Judy Garland in the 1939 film "The Wizard of Oz," a subject of considerable national public interest as demonstrated by interest in this matter from the *NYTimes*, *CNN*, *Hollywood Reporter*, *CBS, Barron's, Smithsonian Magazine, Associated Press, Wall Street Journal, et alia.*

In its Amended Arraignment Notice and Scheduling Order (Docket 26) the Magistrate Judge ordered the Government to make its Rule-16 disclosures by July 22, 2024 and requested that to avoid a recess of the Motions Hearing the Government make all disclosures which would be required by Fed. R. Crim.  20242P. 26.2 and 12(h).  *Id*, at ¶ 4.  Defendant was ordered to make all disclosures required by Federal Rule of Criminal Procedure 16(b) by 29 July 2024.  (D. Minn. LR 12.1(a)(2)).  *Id* at ¶ 5.  The magistrate also ordered Federal Rule of Federal Procedure 16 expert witness disclosures to be made no later than twenty-eight days before trial.  *Id*. at ¶ 6.  Motions were ordered filed by 5 August 2024.  *Id* at ¶  7.  Responses to Motions and Notice of Intent to Call Witnesses were ordered to be filed by 19 August 2024.  *Id*.  at         ¶¶        9,10.  Arraignment and Motions Hearing were set for 26 August 2024.  ¶¶ 12,14.  Trial related motions were set to be due 28 August 2024 and trial set for 9 September 2024.   ¶¶ 15(a).

The disclosures on the discovery hard drive are said to consist of 35,000 pages. While it could have been made so, it is not electronically "searchable," requiring painstaking, tedious, time consuming, file by file review. To digest this massive load of discovery and master the allegations in the Indictment is a Herculean task. This will require continued devotion of enormous hours to the project, in addition to maintaining service to counsel's other obligations. Most significantly, as counsel for Keon Pruitt in the District of Minnesota RICO prosecution of 40 Defendants, *United States vs. Montez*, et al., Docket No. Criminal 23-160.

To complicate matters further, the Crystal, Minnesota, Police Department has announced that it has requested the Hennepin County Attorney to bring charges against Defendant for what it calls $400,000 worth of stolen property as well as domestic assault charges against his wife.[i] While federal counsel in *this* matter are earnestly attempting to find common ground for a mutually satisfactory disposition without trial, local Crystal operatives seek to weigh in nearly five months after the federal indictment with brand new charges based on allegations already known to those federal authorities.

These current deadlines are utterly unrealistic for *competent* representation in a case with 35,000 pages of discovery, a national spotlight on the trial, and a sole practitioner counsel staring down the barrel of the separate and biggest RICO trial in the history of this district, a matter possibly to be set for trial before year's end. Something has to give.

CONCLUSION

In this matter, the volume of the evidence to be reviewed, covering more than fourteen years of alleged criminal activity; the anticipated number of witnesses; the anticipated length of the trial; the very serious nature of the criminal activity alleged all combine to permit the Court

to certify the representation as "extended" and "complex," and to grant this application for extension of the deadlines and trial date, and exclude any consequent delay in granting this application from the computation of the speedy trial time because "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" pursuant to 18 U.S.C. § 3161(h)(7)(A).

Thus, defense counsel respectfully requests the continuance of the existing deadlines. Counsel for the Government and Defendant have "met" and conferred by telephone. Government counsel has indicated he would have no objection, if any continuance remained with dates in 2024. Nevertheless, even over Government's counsel's objection, Defense counsel seeks a preparation continuance even extending into 2025 to assure *competent* representation, This continuance motion is based in part on Defendant Jerry Hal Saliterman Third Statement of Facts in Support of Exclusion of Speedy Trial Time filed herewith.

Dated:  22 July 2024                    Respectfully submitted

                                        JOHN C. BRINK, LAWYER

                                        /s/ John C. Brink_____
                                        John C. Brink
                                        A.R. #11587
                                        3730 Edmund Boulevard
                                        Minneapolis, Minnesota 55406
                                        Cellular: 612-382-6789
                                        Email: johncharlesbrink@gmail.com

                                        ATTORNEY FOR DEFENDANT

[1]    *KSTP NEWS* 10 July 2024.  In a Hennepin County Family Court hearing on 9 July 2024 the Order for Protection previously issued was ordered to be dismissed when the family court issued an order approving a settlement of the matter by the parties.